*1128 PAEZ, Circuit Judge,
concurring and dissenting:
Contrary to the majority, I would defer to the Department of Labor’s (“DOL”) interpretation of 29 C.F.R. § 531.56(e), the tipped minimum wage regulation at issue in this case.[1] Employees paid the tipped minimum wage for untipped work are underpaid.[2] Recognizing this problem, the DOL issued guidance clarifying that under § 531.56(e), employers must pay their tipped employees the full minimum wage when such employees spend a substantial amount of time performing untipped work. Because the DOL’s guidance interpreted its own ambiguous regulation, and is neither plainly inconsistent with that regulation nor erroneous, it is entitled to Auer deference. For the reasons discussed below, I would follow the Eighth Circuit’s persuasive opinion in Fast v. Applebee’s Int’l Inc., 638 F.3d 872 (8th Cir. 2011), and defer to the DOL’s important, necessary, and sound guidance. Accordingly, I respectfully dissent from this part of the majority’s opinion.
I.
An agency’s interpretation of its own ambiguous regulation is ordinarily entitled to deference, because an agency’s own regulation “refleet[s] the considerable experience and expertise the [agency] ha[s] acquired over time with respect to the complexities of the [statute].” Gonzales v. Oregon, 546 U.S. 243, 256, 126 S.Ct. 904, 163 L.Ed.2d 748 (2006). We will decline to apply Auer deference only where the agency’s interpretation is “plainly erroneous or inconsistent” with the regulation. Auer v, Robbins, 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (internal quotation marks and citation omitted) (describing the standard as “deferential”). Where an agency’s interpretation is plainly erroneous or inconsistent, we will still defer to it, but only “proportional to the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade.” Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 159, 132 S.Ct. 2156, 183 L.Ed.2d 153 (2012) (internal quotation marks and citations omitted).
I part ways with the majority at each step of the Auer deference analysis. First, § 531.56(e) is ambiguous, as it employs undefined terms like “occasionally,” and provides two examples which, at first pass, appear to conflict. Second, the DOL’s interpretation of this ambiguous regulation has been consistent over time. The DOL has consistently stated that the amount of time a tipped employee can spend on un-tipped work is limited. The DOL’s guidance setting that limit at 20% of an employee’s time is also consistent with other Fair Labor Standards Act (“FLSA”) provisions. In contrast, as I understand its rea *1129 sons for vacating and remanding, the majority would require Marsh to show a “clear dividing line” between, or distinct hours for, different jobs, a requirement which is inconsistent with DOL guidance, and would read out key regulatory provisions. The majority also errs as the regulations embrace time tracking with respect to each occupation. Third, underlying these errors, the majority fails to apply the narrow construction principle and mistakenly places the burden of proof on the employee.
II.
A.
Section 531.56(e) provides:
In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation ... no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who .., takes a turn as a short order cook for the group. ...
29 C.F.R. § 531.56(e) (emphasis added).
Section 531.56(e) is ambiguous. First, § 531.56(e) uses ambiguous terms, including “occasional ]” and “part of [the] time,” without defining them. The majority does not provide any definition of the terms nor does it explain why or how these terms are unambiguous. Opin. at 1124 n.20. The Eighth Circuit in Fast, by contrast, does explain that the use of the term “occasionally” is ambiguous because it does not explain for how much time an employer can assign untipped work, and still treat that work as “occasional.” 638 F.3d at 879. I would join the Eighth Circuit’s persuasive holding that the regulation is ambiguous.
Second, § 531.56(e) is ambiguous because it includes two examples which, at first glance, seem to conflict. While the regulation explains that a waitress cannot be paid the tipped minimum wage for more than “part [ ] time [or] occasional ]” work “cleaning and setting tables, toasting bread, making coffee and ... washing dishes or glasses,” the majority reads the regulation to allow a counterman to be paid the tipped minimum wage for any amount of time spent on work “prepar[ing] short orders.” Opin. at 1123; 29 C.F.R. § 531.56(e). The majority’s reading ignores crucial text in § 531.56(e) which does place a temporal limit on a counterman’s work as a short order cook. For example, the regulation allows a counterman to be paid the tipped minimum wage when he “takes a turn as a short order cook for the group,” which indicates a limit on the amount of time he can work as a short order cook and still be paid the tipped minimum wage. 29 C.F.R. § 531.56(e).[3] In any ease, any confusion regarding how to *1130 harmonize the two examples only demonstrates that the regulation is ambiguous. Because the regulation is ambiguous, the next step of the Auer analysis is to determine whether the DOL’s interpretation is “plainly erroneous or inconsistent.” 519 U.S. at 461, 117 S.Ct. 905.
B.
The DOL’s interpretation is far from “plainly erroneous or inconsistent” and is instead, consistent with nearly four decades of interpretive guidance and with the statute and'the regulation- itself: Id. The DOL’s guidance at issue, in its Field Operations Handbook (“FOH”), provides that where “tipped employees spend a substantial amount of time (ie., in excess of 20 percent of the hours worked in the tipped occupation in the workweek) performing [ ] related [untipped] duties, no tip credit may be taken for the time spent in those duties." FOH § 30d00(f) (2016).
First, § 531.56(e) and the DOL’s interpretive guidance have consistently limited the amount of time a tipped employee can perform untipped work and still receive the tipped minimum wage. We have held that a consistent view over twenty-five years is. a an “extended period of time” meriting “[s]pedal deference.” Bassiri v. Xerox Corp., 463 F.3d 927, 933 (9th Cir. 2006) (internal citations and quotation marks omitted). Section 531.56(e) was promulgated in 1967, and itself places temporal limits on untipped work by using the phrases “occasional ],” “part of [the] time,” and “takes a turn.” Since 1979, the DOL has issued opinion letters, fact sheets, amicus briefs, and the FOH which have consistently placed temporal limits on untipped work. See Brief for the Secretary of Labor as Amicus Curiae in Support of Plaintiffs-Appellants, Marsh v. J. Alexander’s LLC, Nos. 15-15791+ (9th Cir. July 13, 2016) (“DOL Amicus Brief’), at 8-10. As the Eighth Circuit explained in Fast, the FOH drew from prior opinion letters, including the 1980 letter describing a waitress working after hours cleaning, and the 1985 letter describing a waiter performing preparatory work, for 30% to 40% of. her time, when it set a 20% threshold on the amount of time a tipped employee could perform untipped work. 638 F.3d at 878. Over thirty-eight years, the DOL has consistently interpreted § 531.56(e) to involve' a temporal limit, and this interpretation is also consistent with the regulation itself.[4]
Second, the 20% threshold is also consistent with other DOL provisions containing temporal limitations. Congress and the DOL have defined occasional in many other FLSA provisions to mean 20%. See 29 *1131 U.S.C. § 213(c)(6)(G); 29 C.F.R. § 562.6; 29 C.F.R. § 652.6(b); 29 C.F.R. § 786.150; 29 C.F.R. § 786.1; 29 C.F.R. §. 786.100; 29 C.F.R. § 786.200. The DOL explained in its amicus brief in this case that it derived the 20% threshold from these provisions. DOL Amicus Brief, at 19, n.6; see also Fast, 638 F.3d at 881 (deferring to the FOH in part because the 20% threshold drew from numerous other FLSA provisions). The 20% threshold is consistent across the FLSA statutory scheme and implementing regulations.
The majority’s holding that the DOL’s interpretation was inconsistent errs in several regards. First, I read the majority to require Marsh to allege a “clear dividing line” between time spent on tipped and untipped work (for example, untipped work performed before or after the restaurant is open to customers) on remand, but this requirement is inconsistent with § 531.56(e) and the DOL’s interpretive guidance. Opin. at 1126. The 1980 Opinion Letter explains that “where there is a clear dividing line between the types of duties performed by a tipped employee, ... no tip credit may be taken for the time spent ... performing maintenance duties.” 1980 Opinion Letter. In other words, the phrase “clear dividing line” in the opinion letter referred to a division between “types of duties” rather than a division on the basis of hours, and moreover, the letter actually approved of limited “after-hours” duties related to tipped work. 1980 Létter. And the 1979 Letter upon which the majority relies, concluded that waitresses must be paid the full minimum wage because the work performed was similar to a chefs work, not because it was performed during a distinct part of the day. 1979 Letter; Opin. at 1126. The majority’s requirement is therefore misplaced and inconsistent with the DOL’s guidance.
Second, the majority asserts that the FOH is inconsistent because it requires employers to analyze duties or tasks rather than jobs or occupations. Opin. at 1121. The regulation provides that “[a]n employee who receives tips ... is a ‘tipped employee’ ... when, in the occupation in which he is engaged, the amounts he receives as tips [exceed the requisite amount].” 29 C.F.R. § 531.56(a). I agree with the Eighth Circuit that the phrase “engaged in” requires the DOL to interpret precisely when an employee is performing tipped work, including by looking at when the employee performs untipped duties like those of a janitor. See Fast, 638 F.3d at 879-80. Moreover, § 531.56(e) itself discusses both duties and occupations. See 29 C.F.R. § 531.56(e) (referring both to “two occupations” and “related duties in an occupation”).
Third, the majority erroneously asserts that the FOH’s interpretation is inconsistent with the statute and regulations because it requires keeping track of the employee’s time, while Congress intended “to permit the continuance of existing practices. with respect to tips.” Opin. at 1123; S. Rep. No 89-1487 (1966) reprinted in 1966 U.S.C.C.A.N. 3002, 3014. To the contrary, the FOH requires employers to track an employee’s time in a manner that is consistent with other DOL guidance regarding the tipped minimum wage. FOH § 30dQ0(f) (2016). For example, 29 C.F.R. § 516.28(a) requires employers to maintain records of each hour an employee receives tips and each hour she does not. Any FOH time tracking requirement is consistent with the DOL’s tipped minimum wage guidance.[5]
*1132 C.
Finally, underlying these errors, the majority fails to apply the narrow-construction principle to the tipped minimum wage. Opin. at 1122 n.17. In my view, the tipped minimum wage is an exemption in the FLSA that should be construed narrowly against employers. The “FLSA is to be construed liberally in favor of employees [and] exemptions are narrowly construed against employers.” Haro v. City of Los Angeles, 745 F.3d 1249, 1256 (9th Cir. 2014) (citation omitted). The majority points to two recent Supreme Court cases which held that the narrow-construction principle did not apply to two provisions in the FLSA definitions section, the section which also contains the tipped minimum wage. Opin. at 1122 n.17; See Sandifer v. U.S. Steel Corp., — U.S. —, 184 S.Ct. 870, 879 n.7, 187 L.Ed.2d 729 (2014) (holding the narrow-construction principle inapplicable to a definitions provision regarding doffing clothing because narrowly construed exemptions “generally reside in § 213, which is entitled ‘Exemptions’ and classifies certain kinds of workers as uncovered by various provisions”) (emphasis added); see also id. (Sotomayor, J., declining to join footnote 7); SmithKline, 567 U.S. at 164 n.21, 132 S.Ct. 2156 (holding the narrow-construction principle inapplicable to the “sale” definition because it was “a general definition that applies throughout the FLSA”). The tipped, minimum wage is distinct from these definitional FLSA provisions, however. Unlike “sale,” the provision at issue in Smith-Kline, the tipped minimum wage is not a definition which applies throughout the FLSA. 567 U.S. at 164 n.21, 132 S.Ct. 2156. Likewise, the tipped minimum wage more closely resembles the exemptions in § 213 which have “generally” been the subject of the narrow construction principle. See 29 U.S.C. § 213 (excluding from the minimum wage classes of employees including executives and professionals, outside salesmen, amusement park employees, fishers, and farmers); Sandifer, 134 S.Ct. at 879 n.7. Further, we have held that the related tip pool requirements should be narrowly construed, see Oregon Rest. & Lodging Ass’n v. Perez, 816 F.3d 1080, 1090 (9th Cir. 2016), and, post-Sandifer and SmithKline, that a provision defining employees “engaged in fire protection” should be narrowly construed, see Haro, 745 F.3d at 1256. I would, accordingly, consider the tipped minimum wage an exemption, although it arises in the definitions section of FLSA, and give it a narrow construction.
Relatedly, the majority fails to place the burden on the employer to show it can use the tip credit. DOL Amicus Brief, at 25. Congress made clear that it intended for employers to prove the requirements of the tip credit. S. Rep. No. 93-690, at 43 (1974) ( “[T]he original intent of Congress [was] to place on the employer the burden of proving ... the amount of tip credit, if any, which such employer is entitled to claim.”); see Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464, 467 (5th Cir.1979) (recognizing that employers bear the burden); see also Perez v. Lorraine Enters., Inc., 769 F.3d 23, 27 (1st Cir. 2014) (same); Myers v. Copper Cellar Corp., 192 F.3d 546, 549 n. 4 (6th Cir. 1999) (same). The majority’s improper allocation of the burden and failure to apply the narrow-construction principle underlie and potentially explain its errors.
III.
Because the DOL’s guidance interpreted an ambiguous regulation, and did so in a manner that was not “plainly erroneous or inconsistent,” it is entitled to Auer deference. I would, accordingly vacate the district court’s orders granting the motions to dismiss, judgments on the pleading, and the order granting summary judgment, *1133 and remand for further proceedings on the key issue of whether the defendants violated the FLSA by paying its employees well below minimum wage for untipped work.

. I agree with the majority that the dispositions below should be vacated and remanded, but I would remand for further proceedings on the merits of the plaintiffs’ claims as alleged. On several other minor points, I also agree with the majority. I agree that Probert’s suggestion that the Field Operations Handbook ("FOH”) was not "a proper source of interpretative guidance” does not govern our Auer deference analysis. Opin. at 1121 n.15, Probert v. Family Centered Servs. of Alaska., Inc., 651 F.3d 1007, 1012 (9th Cir. 2011). I also agree that the wage averaging scheme described in United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 490 (2d Cir. 1960) is not applicable here. Opin. at 1127 n.26. I therefore concur in these aspects of the majority's opinion,

. See William Whittaker, Cong. Research Serv., RL33348, The Tip Credit Provisions of the Fair Labor Standards Act 2-3 (2006) (explaining that waiters and other service employees were not covered by the FLSA until 1966, at which point Congress introduced the tipped minimum wage so that such employees would receive the minimum wage).

. The counterman example may be confusing as a result of when the regulation was promulgated — 1967. Fast, 638 F.3d at 878. It may have been the case that in 1967 customers tipped countermen to cook short orders in their presence. DOL’s December 2016 Fact Sheet makes clear that countermen are tipped employees only when they "serve customers.” U.S. Department of Labor, Wage and Hour Division Fact Sheet # 15: Tipped Employees Under the Fair Labor Standards Act (FLSA) (rev. Dec. 2016), available at https://www.dol. gov/whd/regs/compliance/whdfs 15 .htm. (last visited August 22, 2017).
The majority's example of a four counterman group spending 25% of their time cooking short orders explains precisely why the regulation is ambiguous and guidance was due, Opin. at 1125 n.22. A four counterman group would cause each counterman to perform more than occasional untipped work, *1130 while a five counterman group would only occasionally, or 20% of the time, cook orders.

.. The majority points to the 1980 Opinion Letter as an example in which the DOL did not consider the time spent performing those duties. I disagree, as the 1980 Letter embraced time limits when it explained that “routine[ ]" untipped work' would not be permissible, 1980 Opinion Letter.
The majority also suggests that the FOH is inconsistent with § 531.56(e) because it treats duties related and unrelated to tipped work differently. Opin, at 1121. But the regulation itself distinguishes between related and unrelated work, for example in allowing a waitress to be paid the, tipped minimum wage for limited time setting, tables and making coffee, but disallowing a waiter to be paid the tipped minimum wage for any time spent as a janitor. Moreover, the DOL’s guidance has also consistently distinguished- between related and unrelated duties. See, e.g., U.S. Dep’t Labor, Wage & Hour Div., Opinion Letter FLSA-895 (Aug. 8, 1979) ("1979 Opinion Letter”) (disallowing a waitress to be paid the tipped minimum wage for time spent preparing vegetables for the salad bar); U.S. Dep’t of Labor, Wage & Hour Div., Opinion Letter Fair Labor Standards Act, WH-502, 1980. WL 141336 ("1980 Opinion Letter”) (allowing a waiter to be paid the tipped minimum wage for restocking the waiter station, but not for maintenance work).

. The majority asserts that we should look only to the regulation to determine consistency. Opin. at 1125-26 n.23. But the majority contradicts itself, as it also correctly asserted that we look to prior interpretations and pronouncements to determine consistency under Auer, Opin. at 1116-17 n.9.